*Fairfield,*
June, 1839.

Sanford
*v.*
Wheeler.

---

Dodge *against* Burdell.

The presumption of law is, that a witness has no interest in the event of the suit ; and therefore, if an objection be made to his testimony, on the ground of such interest, the party objecting must shew its existence, by competent proof.

*Fairfield,*
June, 1839.

Dodge
*v.*
Burdell.

The law does not presume, that a promise, though in writing, is made upon sufficient consideration, so as to throw the burden of disproving it, on the promiser.

In an action brought by *A* against *B*, on a note, dated *January* 1st, 1831, for 100 dollars, the defendant offered *C* as a witness; the plaintiff objected to him, on the ground of interest in the event of the suit, and in support of such objection, gave in evidence two writings, signed by *C;* the first of which, dated *May* 11th, 1833, was as follows: " If any note or notes, payable to *A* or order, shall hereafter come against *B*, except the one I now hold for 100 dollars, which has been due some time, I do agree to pay such notes myself;" the other writing, written afterwards, was a letter addressed to *A*, requesting him to put the writer in possession of the paper, which *A* held, purporting that *C* had agreed to pay the notes &c. which *A* held against *B;* it was held, that if the first writing imported a promise to pay the note in suit, there was no proof of any consideration for that promise, derived from the writings or otherwise; consequently, *C* was not legally bound to fulfil the promise, and no such interest appeared as would render him an incompetent witness.

THIS was an action of debt on a note under seal, dated *January* 1st, 1831, for 100 dollars, payable one year and three months after date. The defendant pleaded, 1st, full payment; and 2ndly, accord and satisfaction.

The cause was tried at *Fairfield*, April term, 1839, before *Williams*, Ch. J.

On the trial, the defendant offered his brother, *Harvey Burdell*, as a witness. After he was sworn, the plaintiff exhibited certain writings, and enquired of him whether he signed them; to which he answered in the affirmative. The first writing was as follows:

" *New- York, May* 11, 1833.

If any note or notes shall hereafter come against *John Burdell*, except the one I now hold for 100 dollars, which has been due some time, I do agree to forfeit and pay such note or notes myself. The notes were made payable to Doct. *J. Dodge*, or order.      [Signed.]      *H. Burdell.*"

The plaintiff thereupon objected to the competency of this witness, on the ground of interest in the event of the suit; as by this writing he had made himself liable to the plaintiff for the debt demanded. There being no evidence that this writing was given to the plaintiff for his use, or delivered to him, except that it was in the hands of his counsel; or that there was any consideration for it; the court overruled the objection to the witness.

The plaintiff still pursuing his objection, introduced another writing, written after the other. It was as follows: " Dr. *J. Dodge*. I wish you to send or put in my possession the paper

which you hold, purporting that I agree to pay your notes &c. which you may hold against *John Burdell.* It is but just and honourable that you should; and I, of course, expect it from you, as an honourable citizen. I will wait patiently for it until 6 o'clock this afternoon. Respectfully, [Signed.] *H. Burdell.*"

*Fairfield,*
June, 1839.

Dodge
*v.*
Burdell.

" P. S. If you have any demand against *J. B.*, I shall not attempt to hinder collection; but the paper you have with my name on it, I must have."

The court again overruled the objection, and admitted the witness.

The defendant objected to the admission of these papers in evidence. The court however admitted them, for the purpose of shewing the condition of the witness in relation to the cause.

The defendant obtained a verdict; and the plaintiff moved for a new trial.

*Dutton*, in support of the motion, contended, That *Harvey Burdell* should not have been admitted as a witness: he having given a promise of indemnity. First, its execution was proved. Secondly, its delivery will be presumed from its being in the plaintiff's hands, until the contrary is shewn. This is the ordinary evidence of delivery, in the case of commercial paper and other writings. Thirdly, a promise of indemnity is *prima facie* binding upon the promiser. It is not necessary that the consideration should appear on the face of the promise; and whether there was one in fact or not—whether it was legal and sufficient, or otherwise—present issues, which the court will not try in this cause. But if a consideration must be shewn, these writings, upon a fair construction of them, afford sufficient evidence of one. *Breed* v. *Hillhouse,* 7 *Conn. Rep.* 523.

*Betts*, contra, was stopped by the court.

HUNTINGTON, J. The general rule is certainly well established, that a witness is presumed to have no interest in the event of the suit; and therefore, if an objection be made to his testimony, on the ground of such interest, it must be shown to exist, by the party against whom he is called, by competent proof. This motion for a new trial seeks to reverse this rea-

Fairfield,
June, 1839.

Dodge
v.
Burdell.

sonable rule, and to substitute the converse of it ;—that the law presumes an interest in the witness which renders him incompetent, until rebutted by proof.   In the case before us, the only evidence of a supposed interest which was offered, consisted of a paper signed by the witness, dated *May* 11, 1833, and a letter addressed by him to the plaintiff, without date, but written subsequent to the first and referring to it.   The letter contains no promise to pay the note in suit, or any note executed by the defendant to the plaintiff.   The writing dated *May* 11, 1833, is substantially an agreement to discharge such notes payable to Doctor *J. Dodge*, or order, as might thereafter "come against" the defendant, except one note held by the witness.   It is claimed, that this writing imposed a legal obligation on the witness to pay the note in suit ; and therefore, that he was interested in defeating a recovery upon it.   We give no opinion upon the question whether there was sufficient evidence of a delivery of either of the instruments, to entitle the plaintiff to avail himself of them ; for it is quite clear, that there was no proof of any consideration for the promise, derived either from the instruments themselves, or from any facts spread upon the motion.   So far as we can perceive, the promise was a *nudum pactum*, unless we are to presume, that every promise is made upon sufficient consideration, and throw the burden of disproving it, on the promiser.   This would be introducing a new class of legal presumptions, which we should not readily sanction, without at least some precedents to justify us.   We have not found, nor been referred to any. The witness was not legally bound to fulfil an engagement unsupported by any consideration ; and therefore, had no interest in the event of the suit.   The exception to the ruling of the judge at the circuit, is sustained neither by principle nor authority, but opposed to both.   The motion for a new trial is denied.

The other Judges concurred in this opinion, except SHERMAN, J., who was not present.

New trial not to be granted.