# JAMES L. CLAPP
## v.
# GEORGE B. MARTIN.

*Landlord and Tenant— Distress for Rent—Household Furniture —*
*Trover—Evidence—Instructions.*

1. The addition by the trial court to the verdict in a given case assessing the damages at a sum named "with interest," of words naming the amount thereof including interest, can not be complained of.
2. The failure to mark an instruction not given, "refused," amounts to the same thing as if so marked.

[Opinion filed September 11, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. HANECY & MERRICK, for appellant.

Mr. S. M. MEEK, for appellee.

*Per Curiam.* This is an action of trover to recover the value of furniture levied on by appellant under a distress warrant issued by him against Olive A. Martin for rent due from her for premises known as No. 44 Harrison street, in Chicago. Appellee alleged in his declaration that the goods taken were his property, and at the trial the jury found the allegation true, rendering a verdict against appellant for the value of property, and interest thereon at six per cent from the time of the seizure. There was ample evidence that the property in fact belonged to appellee, but appellant says the judgment should be reversed, because, as he alleges, appellee told him, before the levy was made, that the furniture belonged to his mother, Olive A. Martin, and because appellee never set up any claim thereto until this suit was brought, although he was well aware of the levy when it was made;

appellant is the only witness who testified to these facts.   He relies upon the evidence of W. D. Woodbury to corroborate him on one of the points, but Woodbury's statement is equivocal, and its construction was a matter with which the jury alone could deal.   On both points appellee's evidence contradicted that of Clapp, so that it was a case of conflicting evidence in which this court declines to interfere with the verdict.

The jury found the defendant guilty and assessed the plaintiff's damages " at the sum of five hundred dollars ($500) with six per cent per annum."   Thereupon the court added to the verdict the words, "making five hundred and seventy-five dollars," which appellant assigned for error.   There is no pretense that the jury could not have included interest on the value of the goods, if they had made the computation and written into the verdict the gross amount of principal and interest.   We think they might have done so, and their intention in that respect was plainly to be gathered from the words used in the verdict returned.   The action of the court was merely putting the verdict in proper form, was in conformity with the well settled practice, and is sustained by the authorities.   Koon v. Insurance Co., 104 U. S. 106; Smith v. Meldren, 107 Pa. St. 348; Burlingame v. Cent. R. of Minn., 23 Fed. Rep. 706; Henley v. Arbuckle, 13 Mo. 209; Matheson's Adm'r v. Grant's Adm., 2 How. (U. S.) 263; Clark v. Lamb, 8 Pick. 415.

The instructions submitted to the court for the defendant were all refused, but the substance of them all was included in others that were given.   The correct practice would have been to write the word "refused" on the margin of each instruction which the judge declined to give, but the failure to do this is not material error, as the bill of exceptions discloses clearly the fact of refusal.   If an instruction is not marked, and is not given, it is just the same as though it was marked "refused."   Calef v. Thomas, 81 Ill. 478.

No error is found in the admission or rejection of evidence. The judgment is affirmed.

*Judgment affirmed.*