FRANCIS A. CUMMINGS ET AL. *vs.* WILLIAM GLEASON.

72  687
75  243

First Judicial District, Hartford, January Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The so-called common counts for goods sold and delivered and account stated, contain an appropriate general statement of the defendant's liability upon a negotiable promissory note payable on demand, which was given by him to the plaintiff in return for the goods purchased; and therefore such a note is a proper item in the plaintiff's bill of particulars filed under such counts pursuant to Rule II, § 1, of the Rules under the Practice Act.

Argued January 3d—decided February 13, 1900.

ACTION upon the common counts to recover the amount of a promissory note, and a balance due for merchandise sold and delivered, brought to the City Court of Hartford and tried to the jury before *Morse, J.;* verdict and judgment for the plaintiffs, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*Andrew J. Broughel, Jr.*, for the appellant (defendant).

*Francis H. Parker*, for the appellees (plaintiffs).

HALL, J. The only question raised by this appeal is whether the defendant's demand note payable to the plaintiffs' order was a proper item of the bill of particulars filed under the common counts.

The complaint in the present action would be at common law an incomplete statement of a cause of action, for want of an allegation of a promise. It is insufficient under the Practice Act, for want of the complete statement of facts required. Rule II, § 1, Practice Book, p. 12, permits the use of the form of complaint called the common counts, containing nine causes of action (Form 85), for the commencement of an action when any one of these counts is an appropriate general statement of the real cause of action upon which the plaintiff relies.

Under this rule, as construed by this court in several recent cases, certain conditions are imposed upon the plaintiff who makes use of this form of complaint. These conditions are: that the plaintiff may not take a judgment by default until he has filed a proper bill of particulars, or such further statement as may be necessary to show his cause of action as fully as is required in other cases; that he cannot require the plaintiff to plead to the complaint until such bill of particulars or further statement has been filed; that upon the filing of the bill of particulars all of the common counts not applicable thereto shall be stricken out; that he may not by bill of particulars or by amendment add any cause of action or demand, the true character of which is not appropriately described in a general way by some one of the counts; that a cause of action contained in the bill of particulars or amended complaint which appears upon its face not to be appropriately described or stated by some one of the counts, may be stricken out upon motion of the defendant. *New York Breweries Corp.* v. *Baker*,

68 Conn. 337, 343; *Brewster* v. *Aldrich*, 70 id. 51, 53; *Goodrich* v. *Stanton*, 71 id. 418, 424; *Goodrich* v. *Alfred*, *ante*, p. 257.

It follows from what has been said, that before the plaintiffs were entitled to the judgment rendered, it should have been made to appear not only that they had a right of action against the defendant upon one or more of the common counts, for the amount recovered, but also that the one or more of the common counts which described in a general way such cause of action was an appropriate general statement or description of the real character of the demand or right of action set forth in the note contained in the bill of particulars.

It is admitted by the defendant's answer, that the only consideration of the note was an indebtedness for merchandise sold to the defendant by the plaintiffs. The mere giving of a negotiable note does not, in the absence of any special agreement to that effect and while the note is held by the payee, merge or extinguish the original indebtedness or cause of action which formed the consideration of the note. *Bill* v. *Porter*, 9 Conn. 23, 30 ; *Usher* v. *Waddingham*, 62 id. 412, 426. The plaintiffs had therefore a right of action for goods sold upon the original indebtedness for which the note was given.

In *Goodrich* v. *Stanton, supra,* this court said that none of the counts in this form of complaint contained an appropriate description of the right of action upon the collateral promise of an indorser. But we think that the liability of the maker of a promissory note given by the defendant to the plaintiff, and the consideration of which is the cause of action named in one of the common counts, is sufficiently described by that form of complaint, and that such a note is a proper item of a bill of particulars filed under the common counts of the Practice Act.

In the hands of the plaintiffs the note of the defendant, under the circumstances of this case, was no more than a written promise to pay at a fixed time a certain sum as the price of the goods which he had purchased, or a written acknowledgment that a certain sum was then due the plaintiffs from the defendant upon an account stated between them.

The count for goods sold and delivered, and that for a balance due on account stated, contained an appropriate general statement of the defendant's liability as maker of the note in question.

There is no error.

In this opinion the other judges concurred.