NATHAN MARKEL *vs.* NATALE DiFRANCESCO ET AL.

Third Judicial District, New Haven, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

In lieu of the so-called common counts upon which an action is begun, a plaintiff may substitute a complaint containing special counts, provided the causes of action therein alleged are substantially the same as those more generally stated in some one or more of the common counts.

The common counts for work and labor and for materials furnished, describe in a general way the same cause of action as that alleged in a special count for doing a job of "plumbing, heating and tinning" for the defendants at their request; and if a promissory note is given by the defendants after the completion of the job, it may be included in the bill of particulars under the common counts aforesaid, or may be made the subject of a special count in the substituted complaint.

The promise of a husband's creditor to forbear suit for a stated time, made at the request of his wife, is a sufficient consideration for her promissory note for the amount of the debt.

A woman married since April 20th, 1877, may contract with third persons as if she were a *feme sole.*

Argued January 22d—decided March 4th, 1919.

ACTION upon the so-called common counts, brought to the City Court of New Haven where a substituted complaint was filed, which the court refused to strike from the files upon motion of the defendants, and the cause was afterward tried to the jury before *Hoyt, J.;* verdict and judgment for the plaintiff for $278, and appeal by the defendants. *No error.*

This action was originally commenced against Natale DiFrancesco and wife upon the form of a complaint denominated "the common counts." A substituted complaint was afterward filed setting forth the alleged liability of the defendants, based on a negotiable promissory note, and also alleging that the defendants were liable to the plaintiff for plumbing work and materials furnished to the defendants by the plaintiff. The defendants made a motion to strike the substituted complaint from the files, which was denied. The assignments of error relate to the decision of the court upon the motion to strike out, and to portions of its charge to the jury.

*William J. McKenna,* for the appellants (defendants).

*Charles L. Brooks,* with whom was *Samuel H. Greenberg,* for the appellee (plaintiff).

RORABACK, J. The denial of the defendants' motion to strike the substituted complaint from the files, furnishes no ground for an appeal. The original action was based upon the common counts, so-called. The first paragraph of the substituted complaint alleges that the defendants were indebted to the plaintiff in the sum of $200 for "plumbing, tinning and heating" done for them by the plaintiff. The second paragraph of the substitute sets up a claim upon a joint and several note wherein the defendants promised to pay the

plaintiff $200 three months after date, with interest, for value received.

New counts may be set forth in the complaint which might have been originally inserted therein. General Statutes, § 5664. Paragraph one of the substituted complaint is the same in substance as paragraphs five and six of the original complaint.* It seems almost idle to claim that the amendment allowed as to paragraph one added a new cause of action which could not have been joined with those already set up in the original complaint. The causes of action which may be so joined are specified in § 5651 of the General Statutes, and this amendment belongs to the class there described.

The common counts can be properly used in connection with a bill of particulars, and when so used all counts not applicable to the bill of particulars should be treated as stricken out. *Atwood* v. *Welton*, 57 Conn. 514, 522, 18 Atl. 322. The note could have been treated as an item of the bill of particulars, and in this way the cause of action based thereon could have properly been made a part of the original complaint. *Cummings* v. *Gleason*, 72 Conn. 587, 45 Atl. 353. It may be well to notice that the question before the court below could not be determined from the evidence presented, as in the case of *Cummings* v. *Gleason* just referred to. The question here presented must be determined from the face of the papers. When so considered, it clearly appears that there was no error in denying the defendants' motion.

Assuming, as the defendants contend, that the evidence showed that the labor and materials were fur-

---

* These paragraphs were: "5. And performed work and rendered professional services, of the price and value of said sum for the defendant. 6. And furnished materials of the price and value of said sum to the defendant."

nished to the defendant husband only, it does not follow that the plaintiff is precluded from bringing action upon the note against both of the defendants, as husband and wife. The defendants do not claim that they were married prior to April 20th, 1877, and, therefore, we have the right to infer that the legal status of the wife is to be determined by the provisions of the so-called "Married Women's Act," which took effect April 20th, 1877. This Act plainly and explicitly provides (General Statutes, § 5274) that "she shall have power to make contracts with third persons, and to convey to them her real and personal estate, as if unmarried." In the case of *Marri* v. *Stamford Street Railroad Co.*, 84 Conn. 9, 22, 78 Atl. 582, in speaking of the rights of married women, this court said: "Her identity is no longer merged in that of her husband. She is recognized as having a complete legal entity of her own, with rights of her own, and enforceable as her own."

The defendants offered evidence to prove, and claimed to have proven, that the debt evidenced by the note was that of the husband; that at the request of the plaintiff the wife executed and delivered to him this writing as an accommodation note; and that there was no consideration therefor. The plaintiff offered evidence to show, and claimed to have shown, that the husband was indebted to him in the sum of $200 for work performed and materials furnished, which he was unable to pay when due; that the defendants, to obtain an extension of credit, gave him a note, payable in three months, which was not paid when it became due; that the defendants then desired a further extension of time in which to pay the indebtedness, and that to effectuate this intention a new note for $200, payable to the order of the plaintiff in three months after date, was made, executed and delivered by them. This

note, which is the basis of this action, has never been paid.

It is well settled that an agreement to forbear to sue in consideration of a written promise by a third person to pay the debt of another, constitutes a valid contract. 19 L. R. A. (N. S.) 845 note. This rule is in harmony with our Negotiable Instruments Act, which provides that "every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon, to have become a party thereto for value." "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time." General Statutes, §§ 4382, 4383. The Negotiable Instruments Act also provides that "an accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." General Statutes, § 4387. In *Waters* v. *White*, 75 Conn. 88, 52 Atl. 401, where the payee of a note was induced to forbear taking immediate steps to rescind the loan for which the note was given, upon the ground of the maker's fraud, in reliance upon the signing of the note by the maker's wife, this court held that her signature was based upon a sufficient consideration so as to render her liable thereon, and that this state of facts authorized an implication that the promisee did agree to forbear.

The appellants complain of certain detached extracts from the charge, which were as follows: "If she signed this note to get credit for her husband, she, of

course, would be liable. You, of course, must find, if you hold her liable in this case, and under this note, and I am speaking of her liability alone, that she received consideration for the note in view of the facts. If you find Natale DiFrancesco owed the plaintiff an indebtedness which had been overdue and extension was secured, this would be a sufficient consideration to support the signing of the note by the wife." We see no error in this.

The record discloses that the trial judge fairly stated the questions raised by the pleadings and the claims of the parties as to evidence. The defendants' requests to charge were embodied in the instructions as they were given. The law adapted to the questions presented was sufficient for the guidance of the jury.

There is no error.

In this opinion the other judges concurred.