Matthew J. Jaseh, J.
This is a proceeding pursuant to section 924 of the Civil Practice Act to determine the title to certain personal property consisting- of fixtures and equipment located at 675-77 Genesee Street, Buffalo, New York.
It appears that the plaintiff obtained a judgment against the defendants on October 2, 1957. An execution was issued to the Sheriff of Erie County and levy was made on said personal property.
Subsequently and prior to sale, one George J. Haller made claim to ownership of said personal property and served the said Sheriff with a restraining order, restraining said Sheriff from selling- the afore-mentioned fixtures and equipment pending the determination of title to said property.
Testimony offered at the hearing- revealed that the third-party claimant, George J. Haller, owned a first mortgage on the real property in question and also a chattel mortgage on the personal property located at the site of the realty. The mortgagors in both instances were the defendants herein. The chattel mortgage was given only as further collateral security for the indebtedness of the mortgage on the realty. Because of serious defaults, Haller brought foreclosure proceedings on both mortgages. His attorney did not press the foreclosure on the chattel mortgage but took a judgment of foreclosure on the realty mortgage and at the foreclosure sale, Haller purchased the property for a price equal to the entire indebtedness of the defendants herein. Following this, the defendants continued in possession for a period of time and there appeared to be some negotiations between Haller and the defendants relative to a new lease. When these negotiations broke down, Haller’s attorney commenced a summary dispossess proceeding and a final order to dispossess was granted on September 5, 1957.
*109 On the previous day, the attorney for Haller went to the defendants’ place of business and stated to Walter Lipiee, one of the defendants, that unless he signed a bill of sale conveying all of the personal property previously covered by the chattel mortgage to his client Haller, the defendants would be dispossessed under the order granted in City Court. Haller’s attorney offered to lease the premises to the defendants and to drop the dispossess proceeding if they would sign a bill of sale covering the fixtures and equipment in question.
It was agreed by all the witnesses that Haller’s attorney did not make any agreement as to what the defendants’ rental would be under the lease with Haller. Following the execution of the bill of sale, the plaintiff herein obtained a judgment against the defendants and executed against the chattels in question. The proceeding to settle title to the chattels was commenced pursuant to the provisions of section 924 of the Civil Practice Act.
The only question necessary for a decision in this case is Avhetlier or not there Avas consideration passing from Haller to Lipiee for the execution of the bill of sale of the chattels by Lipiee to Haller. Haller claims that his forbearance in the dispossess proceedings and/or his agreement to rent to Lipiee constituted consideration for the bill of sale.
There is little doubt that forbearance to assert a valid legal or equitable right can be good and sufficient consideration to support a contract. However, there must actually be forbearance. In the case of Strong v. Sheffield (144 N. Y. 392) it was held that a promise of forbearance, to be good consideration, must be absolute and for a definite time, or for a reasonable time and that a promise of forbearance for a little or for some time would not be sufficient. In that case, a wife indorsed her husband’s past-due note in consideration for which the plaintiff agreed not to sue on it until such time as he needed the money. The court held in that case that there was no agreement to forbear for a fixed time or for a reasonable time, but an agreement to forbear for such time as the plaintiff should elect. It held the note unenforcible against the AAÚfe.
As far as the promise of forbearance in the instant case, Haller could have proceeded to enforce his order of dispossess the day following the execution of the bill of sale by Lipiee. There Avas no compulsion on his part to forbear for any length of time. In answer to the contention that Haller did in fact forbear for a length of time and did not dispossess Lipiee, the Court of Appeals in the Strong case (p. 396) held that “ The consideration is to be tested by the agreement, and not by what was done under it.” The only case in which actual forbearance *110 will constitute consideration is when the promisee has requested it. That is not the case here. It is submitted, therefore, that the forbearance of Haller was in no way consideration for the bill of sale executed by Lipiec.
A similar question is posed with respect to the agreement to execute a lease. Haller and his attorney do not claim that all of the terms and conditions of the lease were agreed upon with Lipiec. They state rather that all of the terms and conditions were agreed upon except for the amount of rent which Lipiec would pay. It is claimed that this constituted good consideration for the execution of the bill of sale by Lipiec. Of course, a contract is unenforcible unless all of the terms and conditions necessary for the agreement to become a binding contract are present. It is true that where an oral lease has been entered into by two parties and where no rent has been agreed upon, the landlord may sue for a reasonable rental. That is not the question here. What Haller claims here is that he made a contract with Lipiec to enter into a lease for a period of one year. It is difficult to see how this could be enforcible, because Haller could insist upon any amount of rent in the lease to be executed, at any future time after the execution by Lipiec of the bill of sale.
In the case of Bernat v. West Seventy-third St. Corp. (230 App. Div. 18) it was held that a contract to enter into a lease for a period, of five years (within the Statute of Frauds) was not enforcible because certain provisions, concerning rental to be refunded upon cancellation, were left to future negotiations and were not included in the agreement to lease. There is little difference between that and the present case. It is true that the contract for this lease, the lease being for a period of only one year, did not have to be in writing. But, nevertheless, it is still necessary that all of the terms and conditions be agreed upon. Since the rental sum was left entirely to the future negotiations of the parties, there was no consideration passing from Haller to the defendants.
It is the court’s determination that neither the alleged agreement to lease nor the forbearance in the dispossess proceeding-constituted consideration for the bill of sale executed by the defendants and that no title passed from the defendants to Haller. Therefore, the court finds that the chattels in question are, in fact, owned by the defendants herein.
An order may be entered accordingly.