This case commenced as a small claims action. It was transferred to the regular docket at the request of the defendant and claimed for trial by jury. The jury returned a verdict for the plaintiff of $500 "plus applicable interest dollars damages" which the court ordered accepted and recorded. The defendant filed the standard motion to set aside the verdict on the grounds that it was contrary to law, against the evidence, and *Page 610 
excessive. The court denied the motion and rendered judgment for $500 plus interest in the amount of $285. The court taxed attorney's fees of $1050 pursuant to General Statutes 52-251a. In his brief the defendant has not pursued the latter two grounds of his motion to set aside and they are, therefore, considered to be abandoned. See Hutensky v. Avon, 163 Conn. 433, 434; Stoner v. Stoner,163 Conn. 345, 349.
In his brief the defendant claims that the verdict was incomplete. In his motion to set aside the verdict the defendant claimed that the verdict was contrary to law. We shall limit our consideration to the question of whether the verdict in the form in which it was accepted was defective as a matter of law. If it was merely defective in form, the defendant should have objected to the acceptance of the verdict at a time when the court could have corrected the matter. Because the defendant has failed to file a transcript of the evidence or of the proceedings at the time the verdict was accepted, the record before us is barren of any such objection; nor is it claimed that any such objection was made. It is too late for the defendant to make that claim now. Intelisano v. Greenwell, 155 Conn. 436, 450; Towhill v. Kane, 147 Conn. 191, 193.
A verdict is not defective as a matter of law so long as it contains an intelligible finding so that its meaning is clear. Kilduff v. Kalinowski,136 Conn. 405, 409; Brown v. Hart, 91 Conn. 667,673. General Statutes 37-3a provides that interest at the rate of 6 percent a year may be recovered and allowed in civil actions for the detention of money after it becomes payable. Cecio Bros., Inc. v. Feldmann, 161 Conn. 265, 274. The court so charged the jury and the defendant took no exception to that portion of the charge. The verdict phrase "plus applicable interest" is merely a shorthand method of saying *Page 611 
that interest is awarded at the legal rate from the time the money became payable. The verdict, containing the questioned phrase, is not unintelligible and therefore is not subject to attack on that ground.
Upon rendering judgment on the verdict the trial court added interest of $285 to the amount of the verdict. It is necessary to consider whether that action was erroneous. Where a jury has awarded interest in its verdict but has failed to compute it, the trial court may do so if the amount can be determined by a mere mathematical calculation. Note, 72 A.L.R. 1150. In Clapp v. Martin, 33 Ill. App. 438,439, which involved an action of trover to recover the value of property levied under a distress warrant, the jury returned a plaintiff's verdict "at the sum of five hundred ($500) with six percent per annum." The trial court added to the verdict the words "making five hundred and seventy-five dollars" which the appellant assigned as error. The appellate court held that the action of the trial court merely put the verdict in proper form.
In reviewing the action of the trial court in the case at bar we start with the rule that a general verdict for the plaintiff imports that the jury found all disputed issues of fact in his favor. Carlson v. Connecticut Co., 95 Conn. 724,729; Aaronson v. New Haven, 94 Conn. 690, 696; Tillinghast v. Leppert, 93 Conn. 247, 249. Thus, once the jury found the issues for the plaintiff the computation of the interest could readily be calculated. An examination of the complaint discloses that the jury, by its verdict, necessarily found that the plaintiff was induced to pay the defendant $500 under a false representation. Interest begins to run from the time that the detention of money is wrongful. Cecio Bros., Inc. v. Feldmann, supra. Money wrongfully *Page 612 
obtained is wrongfully detained when received. 47 C.J.S., Interest, 13. Although it would have been preferable for the court to have returned the verdict to the jury for computation of interest, it was not error for the trial court to make the calculation itself. See Kirkbride v. Bartz,82 Conn. 615.
The remaining issues raised in the defendant's brief involve the charge to the jury. "Claims of error addressed to the charge are tested by the pleadings and by the evidence relevant to the claimed error as presented in narrative form (with appropriate reference to pages of the transcript) in the parties' briefs. Galligan v. Blais,170 Conn. 73, 74. . . ." Tierney v. American Urban, Corporation, 170 Conn. 243, 250. Although the defendant did not include a verbatim statement of the relevant portions of the charge in his brief as required by Practice Book 575C, we did permit him to file a certified transcript of the charge and exceptions thereto at the time of the oral argument. The defendant, however, has also failed to comply with Practice Book 575C and 576 in that his brief does not include in narrative form evidence relevant to the charge nor has he filed a transcript of the evidence. A charge cannot be examined in a vacuum. In the absence of a transcript of the evidence, we cannot consider the defendant's claims in that' respect.
 There is no error.
In this opinion D. SHEA and SPONZO, Js., concurred.