ISELI COMPANY *v.* CONNECTICUT LIGHT
AND POWER COMPANY
(13590)

HEALEY, SHEA, CALLAHAN, GLASS and HULL, Js.

Argued February 9—decision released May 9, 1989

*Thomas J. Sansone,* with whom was *James K. Robertson, Jr.,* for the appellant (defendant).

*David M. Sheridan,* for the appellee (plaintiff).

GLASS, J. The plaintiff, Iseli Company, had an employee named Roger Bolduc, Sr. In February, 1983, Bolduc and his son, Roger Bolduc, Jr., were injured when an explosion occurred at their Watertown home. The explosion apparently resulted from an ignition of natural gas leaking from the facilities of the defendant Connecticut Light and Power Company (CL&P). The plaintiff compensated the Bolducs for their medical expenses and paid lost wages to Roger Bolduc, Sr. This compensation was made through the plaintiff's self-insurance plan rather than through its workers' compensation plan.

The plaintiff filed a complaint on May 12, 1986, alleging that the defendant had agreed to reimburse the plaintiff for the expenses paid to the Bolducs. In return, the plaintiff had agreed to forgo any claim against the defendant for the medical expenses and lost wages. The case was tried to the jury. At the close of the plaintiff's case, and again at the close of all the evidence, the defendant moved for a directed verdict, arguing that the alleged reimbursement contract failed for lack of consideration. The trial court denied the motions. At the conclusion of all the evidence, the trial court instructed the jury that it could award interest to the plaintiff should it decide the case in the plaintiff's favor. The jury returned a general verdict in favor of the plaintiff and awarded $31,327.98 in damages plus interest. The defendant made separate motions for judgment notwithstanding the verdict and to set aside the verdict, both of which the trial court denied. The trial court rendered judgment on the verdict, and included the amount of $15,455.97 as interest.

The defendant appealed to the Appellate Court from the judgment rendered on the verdict, claiming that the trial court erred: (1) by failing to instruct the jury on the legal nonviability of the plaintiff's underlying claim; (2) by denying the defendant's motions for a directed verdict; and (3) by permitting the jury to award the plaintiff interest. Pursuant to Practice Book § 4023, we transferred the appeal to ourselves. We find no error.

I

The defendant's first two claims concern the issue of whether the plaintiff's forbearance from bringing an action against the defendant was valid consideration for supporting the parties' reimbursement agreement. Before embarking on an analysis of the defendant's specific claims, it will be useful to set forth the relevant law.

"Forbearance from suit is, of course, valid consideration for a contract if the claim on which the suit was threatened was valid and enforceable. *Hyde* v. *Lipiec,* 12 Misc. 2d 107, 173 N.Y.S.2d 901 [1958]; 1 Corbin, Contracts § 139; 1 Williston, Contracts (3d Ed.) § 135; 17 C.J.S., Contracts § 104 (1). Moreover, '[i]t is a general rule of law that forbearance to prosecute a cause of action, where the right is honestly asserted under the belief that it is substantial, although it may in fact be wholly unfounded, is a valuable consideration which will support a promise.' *Joffe* v. *Bonn,* 14 F.2d 50, 52 (3d Cir. [1926]). See *Warner* v. *Warner,* 124 Conn. 625, 632, 1 A.2d 911 [1938]. Forbearance, however, is not a sufficient consideration unless the claimant had some reasonable ground for belief in the justice of the claim; 1 Corbin, op. cit. § 140; *Warner* v. *Warner,* supra; or if the claim is not made in good faith. *Pash* v. *Wagner,* 2 Misc. 2d 822, 151 N.Y.S.2d 411 [1956]; *Plunkett* v. *O'Connor,* 162 Misc. 839, 295 N.Y.S. 492 [1937]; 17 C.J.S., Contracts § 104 (2)." *Dick* v. *Dick,* 167 Conn. 210, 225, 355 A.2d 110 (1974). Although the principles governing forbearance as consideration set forth in *Dick* were based on an analysis of New York law; id., 223; our reference to the *Warner* decision therein indicates that those principles are also applicable in Connecticut. Cf. *Hofmann* v. *DeFelice,* 136 Conn. 187, 190, 70 A.2d 129 (1949); *Savings Bank of Rockville* v. *Cohn,* 116 Conn. 480, 485, 165 A.2d 607 (1933); *Markel* v. *DiFrancesco,* 93 Conn. 355, 359, 105 A. 703 (1919); *Thomas' Appeal,* 85 Conn. 50, 53–54, 81 A. 972 (1911).

"Under common law a cause of action for personal injuries cannot be assigned, and in the absence of a statutory provision to the contrary a right of action for personal injuries resulting from negligence is not assignable before judgment. 6 Am. Jur. 2d 220, Assignments, § 37. The rule is succinctly stated in the Restate-

ment, 2 Contracts § 547 (1) (d): 'An assignment of a claim against a third person or a bargain to assign such a claim is illegal and ineffective if the claim is for . . . (d) damages for an injury the gist of which is to the person rather than to property, unless the claim has been reduced to judgment.' " *Berlinski* v. *Ovellette,* 164 Conn. 482, 485, 325 A.2d 239 (1973). Although there is an exception to this rule under the workers' compensation statutes; see General Statutes § 31-293 (a) (employer who has paid workers' compensation benefits to injured employee can bring action against tortfeasor); the plaintiff in the present case conceded at oral argument that it did not acquire a legally valid cause of action against the defendant by compensating the Bolducs for injuries they received in the explosion.

## A

The defendant first argues that the trial court should have instructed the jury that the legal nonviability of the claim the plaintiff agreed to forgo, in exchange for the defendant's promise of reimbursement, was a factor the jury should consider in assessing the reasonableness of the plaintiff's belief in the validity of that claim. *Dick* v. *Dick,* supra; *Berlinski* v. *Ovellette,* supra; *Warner* v. *Warner,* supra. A review of the record demonstrates, however, that the defendant did not distinctly raise this claim at trial in accordance with the rules of practice. Practice Book § 315.[1] Consequently, we do not reach the merits of the defendant's first claim.

---

[1] Practice Book § 315 provides: "The supreme court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. Upon request, opportunity shall be given to present the exception out of the hearing of the jury."

At trial, the defendant submitted the following request to charge. "10. The testimony provided by [Andrew] Gionta of the Iseli Company indicates that his company did claim to suffer a loss or detriment as a result of CL&P's alleged promise, namely its foregoing of waging a claim against CL&P. This is the only loss claimed to have been sustained by the plaintiff. In Connecticut, it is well-settled that one person cannot assign his rights to make a claim for personal injuries. *Berlinski* v. *Ovellette,* [supra]. Here, that is precisely what has been done, contrary to the law of our State. The plaintiff claims that it suffered a loss or detriment, in relying upon CL&P's promise, by foregoing its supposed right to make a claim against CL&P for expenses arising from [the] injuries. It is not claimed that the plaintiff has any other claim to assert against CL&P other than for [the] injuries. This type of claim, however, is prohibited by our law. Therefore, *you cannot find that the plaintiff suffered any detriment* as a result of its promise to give up a claim which is itself prohibited by law." (Emphasis added.)

The defendant's request to charge materially differs from its claim on appeal. The defendant now argues that the trial court erred by failing to instruct the jury that the nonviability of the claim the plaintiff agreed to forgo is *one factor* for the jury's consideration in assessing the plaintiff's reasonableness. See *Dyer* v. *National By-Products, Inc.,* 380 N.W.2d 732, 735–36 (Iowa 1986). In its request to charge, however, the defendant sought an instruction that the reimbursement agreement was *necessarily* unenforceable because of the invalidity of the underlying claim. The requested instruction, in fact, was an inaccurate statement of the law. *Dick* v. *Dick,* supra.

Further, the defendant did not distinctly raise its present claim by taking a seasonable exception. Practice Book § 315. In accordance with the *Dick* standard,

the trial court instructed the jury that "forbearance to prosecute a cause of action, where the right is honestly asserted under the belief that it is substantial, although it may in fact be wholly unfounded, is a valuable consideration which will support a promise. Forbearance, however, is not a sufficient consideration unless the Plaintiff had some reasonable ground for belief in the justice of the claim." See *Dick* v. *Dick,* supra. To this instruction, the defendant raised the following exception. "Finally, Your Honor, I realize that [given] your previous ruling on the motion for directed verdict you were unconvinced by the authority of *Berlinski* [v.] *Ovellette,* [supra,] noted in my request to charge number 10, but I would cite that Your Honor did omit an instruction concerning the propriety of the claim to pursue against this Defendant the recovered sum, for both lost wages as well as medical benefits."

Although the defendant's exception referred to the "propriety" of the plaintiff's underlying claim, it drew no nexus between the claim's lack of "propriety" and the reasonableness of the plaintiff's belief. The substance of the exception did no more than repeat the defendant's request to charge. If we were to hold that this exception distinctly raised the defendant's present claim, we would be requiring trial courts to read minds. Cf. *Mack* v. *Clinch,* 166 Conn. 295, 297, 348 A.2d 669 (1974) (trial court bound to charge jury correctly where material and important issue is brought to court's attention). Consequently, we do not reach the merits of the defendant's first claim of error. Practice Book § 315.

B

The defendant next claims that the trial court erred in denying its motions for a directed verdict. It argues that the plaintiff failed to present proof on the reason-

ableness of the plaintiff's belief in the validity of the surrendered claim.[2] We disagree.

"Directed verdicts are not favored. *Puro* v. *Henry,* 188 Conn. 301, 303, 449 A.2d 176 (1982)." *Petyan* v. *Ellis,* 200 Conn. 243, 244, 510 A.2d 1337 (1986). "Our review of a trial court's refusal to direct a verdict or to render a judgment notwithstanding the verdict takes place within carefully defined parameters. We must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the parties who were successful at trial; *Bleich* v. *Ortiz,* 196 Conn. 498, 501, 493 A.2d 236 (1985); giving particular weight to the 'concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony . . . .' *Chanosky* v. *City Building Supply Co.,* 152 Conn. 642, 643, 211 A.2d 141 (1965). The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion." (Citations omitted.) *Bound Brook Assn.* v. *Norwalk,* 198 Conn. 660, 667, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S. Ct. 81, 93 L. Ed. 2d 36 (1986); see *Sestito* v. *Groton,* 178 Conn. 520, 522, 423 A.2d 165 (1979).

At trial, the plaintiff's personnel manager, Andrew Gionta, testified that he initially contacted the defendant's offices by telephone in February, 1983, regarding reimbursement for the medical expenses and lost wages paid to the Bolducs. Gionta discussed the plaintiff's claim on several occasions with Warren Porter, a senior claims representative employed by the defend-

---

[2] The plaintiff argues that the defendant has failed to brief this issue and, therefore, has abandoned it. Assignments of error neither briefed nor argued are deemed abandoned. " 'Assignments of error are also deemed to be abandoned where they are merely mentioned in the brief without any discussion of the particular issues mentioned.' " *Stoner* v. *Stoner,* 163 Conn. 345, 349, 307 A.2d 146 (1972); *Varley* v. *Varley,* 189 Conn. 490, 504, 457 A.2d 1065 (1983). Because the defendant's brief discusses the substance of this claim, however, we do not deem it to be abandoned.

ant. Gionta testified that Porter agreed with him in a telephone conversation in June, 1983, to reimburse the plaintiff for expenses paid to the Bolducs. Under the agreement, the defendant would reimburse the plaintiff by separate payments in July and October of 1983. Gionta subsequently summarized his conversation with Porter in a letter directed to Porter's attention dated June 17, 1983. The letter included bills of the Bolducs' expenses. Gionta testified that Porter had suggested that the payments be made in two installments, and that Gionta include bills of the expenses with the letter. In August, 1983, however, Porter telephoned Gionta, stating that Porter's agreement had been "overruled" by the defendant's attorneys "because they didn't want to jeopardize their position with the Roger Bolduc case because they hadn't settled with him yet."

On cross-examination, Gionta testified as follows:

"Q. You claim that you forebore [sic] from doing something as a result of what Mr. Porter told you? Is that correct?

"A. No, we had an agreement that we were going to be reimbursed for our medical expenses.

"Q. In exchange for?

"A. In an exchange that we would give up any claim for wages from Mr. Bolduc.

"Q. So you would forebear [sic] from making claims?

"A. Yes, that's correct.

"Q. In exchange for CL&P's reimbursement?

"A. That is correct."

As noted above, at the conclusion of the trial, the trial court instructed the jury on the issue of consideration in accordance with the *Dick* standard. Because the jury

returned a general verdict for the plaintiff, we must assume that the issue of the plaintiff's reasonableness was found in the plaintiff's favor. *LaFleur* v. *Farmington River Power Co.,* 187 Conn. 339, 342, 445 A.2d 924 (1982). Considering the evidence in the light most favorable to the plaintiff; *Bound Brook Assn.* v. *Norwalk,* supra; we find that the evidence supported a conclusion that the plaintiff entertained an honest and reasonable belief that the claim it agreed to forgo, in exchange for the defendant's promise of reimbursement, was substantial. *Dick* v *Dick,* supra.

As the evidence recited above demonstrates, the plaintiff pursued its claim against the defendant for several months. During that period, the defendant's representative never disparaged the validity of the plaintiff's claim. The parties' negotiations culminated in the agreement of June, 1983, under which the defendant would reimburse the plaintiff in exchange for the plaintiff's forbearance from asserting any claims it may have had against the defendant. The jury could have inferred from this evidence that the plaintiff had reasonable grounds for belief in the justice of the claim, and had asserted it in good faith. Id.; see, e.g., *Carter* v. *Provo,* 87 N.H. 369, 370, 180 A. 258 (1935); cf. *State ex rel. Marsh* v. *Lum,* 95 Conn. 199, 203–204, 111 A. 190 (1920). Further, while we agree with the defendant that, as a general rule, the party bringing an action on a contract bears the burden of production on the issue of consideration; *Dodge* v. *Burdell,* 13 Conn. 169, 172 (1839); 29 Am. Jur. 2d, Evidence § 140; cf. *Taft Realty Corporation* v. *Yorkhaven Enterprises, Inc.,* 146 Conn. 338, 342, 150 A.2d 597 (1959) (recital of consideration in written agreement is prima facie proof of consideration); we are not persuaded that the plaintiff was obligated at trial to raise the legal nonviability of the surrendered claim, and then present evidence that it had not been aware of that fact at the time it had

entered into the reimbursement agreement with the defendant. We conclude, therefore, that the trial court did not err in denying the defendant's motions for a directed verdict. *Bound Brook Assn.* v. *Norwalk,* supra.

## II

The defendant next claims that the trial court erred in permitting the jury to award the plaintiff interest. The defendant concedes that this issue was not distinctly raised in the trial court;[3] Practice Book § 315; but argues that we should review the claim because the trial court, in permitting the jury to determine whether interest was appropriate, impermissibly divested itself of an exclusive judicial function. Cf. *Bishop* v. *Kelly,* 206 Conn. 608, 617, 539 A.2d 108 (1988) (reviewing claim first raised on appeal that the trial court erred in permitting the jury to award multiple damages under General Statutes § 14-295).

The trial court instructed the jury that "if you find for the Plaintiff . . . it may be entitled to statutory interest of ten percent per year, if that is your judgment. Accordingly, if your verdict is for the Plaintiff, you will determine whether . . . interest should be awarded to the sum . . . . If that is your judgment, then calculation of interest should be done by the Court clerk after the verdict is accepted."

The defendant's claim is meritless. "Our cases have recognized that interest, as an element of damages, is . . . a matter within the jury's province. [*Eagar* v. *Barron,* 2 Conn. App. 468, 471, 480 A.2d 576 (1984)]; see also *Rosenblatt* v. *Berman,* 143 Conn. 31, 36, 119 A.2d 118 (1955); *Lokes* v. *Kondrotas,* 104 Conn. 703, 709, 134 A. 246 (1926)." *Canton Motorcar Works, Inc.*

---

[3] The defendant argues in the alternative that it raised the issue of the court's instructions on interest in its requests to charge. We have reviewed the defendant's requests to charge and find nothing therein "covering" the issue of interest. Practice Book § 315.

v. *DiMartino,* 6 Conn. App. 447, 464, 505 A.2d 1255, cert. denied, 200 Conn. 802, 509 A.2d 516 (1986) (applying General Statutes § 37-3a); see *L.F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.,* 9 Conn. App. 30, 51–52, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986); *Williams* v. *Trans-Atlantic Motors, Inc.,* 6 Conn. App. 616, 617, 506 A.2d 1080 (1986); *Nigro* v. *Hagearty,* 33 Conn. Sup. 609, 611, 364 A.2d 241 (1976). The cases upon which the defendant relies for the proposition that "[t]he allowance of interest . . . is . . . primarily an equitable determination and a matter lying within the discretion of the trial court"; *Bertozzi* v. *McCarthy,* 164 Conn. 463, 467, 323 A.2d 553 (1973); involved actions tried to the court rather than to the jury. *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 391, 406, 363 A.2d 160 (1975); *Southern New England Contracting Co.* v. *State,* 165 Conn. 644, 645, 664, 345 A.2d 550 (1974); *Bertozzi* v. *McCarthy,* supra, 464; see also *Newington* v. *General Sanitation Service Co.,* 196 Conn. 81, 90, 491 A.2d 363 (1985); *Milgrim* v. *Deluca,* 195 Conn. 191, 201, 487 A.2d 522 (1985); but see *Leverty & Hurley Company* v. *Commissioner of Transportation,* 192 Conn. 377, 380–81, 471 A.2d 958 (1984) (ascertainment of interest in eminent domain actions is judicial function). Moreover, we have previously held that, where the trial court instructed the jury that it may award the claimant interest, and no exception to this instruction was taken, the trial court's instructions were not grounds for reversal on appeal. *Rosenblatt* v. *Berman,* supra, 36–37.

There is no error.

In this opinion HEALEY, SHEA and HULL, Js., concurred.

CALLAHAN, J., dissenting. I disagree with the majority. I believe that the defendant's request to charge and its exception to the charge were adequate

to alert the trial court to the necessity of a jury instruction concerning the legal viability or lack thereof of the plaintiff's claim. Without such an instruction I fail to see how the jury could make a proper assessment of the reasonableness of the plaintiff's belief in the validity of that claim, or its good faith in pursuing it. The plaintiff was not a neophyte, but a business entity, apparently with at least some degree of sophistication in the area of claims. Under the circumstances, the jury, if properly instructed, might well have drawn an inference that the plaintiff knew its claim against the defendant was unenforceable and that it gave up nothing by agreeing to forego it. The failure to give such an instruction was error.

I respectfully dissent.