[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Trial of the first count of the complaint was held on the claim of goods sold and delivered by the plaintiff to the defendant, Connecticut Development Associates (CDA). Judgment has previously been entered by default against the defendant, Stephen Perrone dba Perrone Construction. CT Page 10739
The parties are in agreement that the sum of $33,870.54 is due from CDA to the plaintiff. They disagree, however, as to whether or not an additional sum of $13,130.84 plus contractual interest and attorney's fees is also due.
The defendant, CDA by way of special defense alleges accord and satisfaction and by way of a special defense and set off claims a defense and damages because of an alleged breach by the plaintiff of an agreement to purchase a condominium from CDA.
After a trial, this court has concluded from the more credible and probative evidence adduced at trial that neither party has sustained its burden of proof as to the allegations in dispute.
As to the complaint, and the plaintiff's claim of an additional $13,138.84, the plaintiff was unable to provide the court with any substantiation of such claim. It offered no evidence as to what was delivered and the amount charged to CDA. Stephen Perrone's testimony as to one receipt of perhaps $500 worth of stone was indefinite and could easily have been for Mr. Perrone's own account.
As to CDA's special defenses and set off, the court finds that neither has been proven by a fair preponderance of the evidence.
The court, therefore, finds that the debt due to the plaintiff from the defendant CDA is in the sum of $33,870.54.
There has been insufficient evidence as to the additional claim of contractual interest and attorney's fees to prove a contractual agreement by CDA to pay such costs. Marsh, Day and Calhoun vs. Solomon, 204 Conn. 639, 652-653 (1987).
The plaintiff, however, also seeks interest pursuant to General Statutes 37-3a. Pursuant to this claim this court must decide whether the withholding of the funds due to the plaintiff was wrongful under the circumstances. Cecio Brothers Inc. v. Feldman, 161 Conn. 265, 275 (1971). The determination as to whether interest may be awarded is equitable and within the discretion of the court. Iseli Co. v. Connecticut Light Power Co., 211 Conn. 133, 144 (1991).
Although the defendant has not proven its claim that the plaintiff had contracted to purchase a condominium from it in exchange for partial payment of the sums due from plaintiff to the defendant, it is clear that the parties were negotiating CT Page 10740 for such purchase until April 1, 1989. After that date, however, retention of the funds by the defendant CDA was wrongful. The plaintiffs, therefore, are entitled to statutory interest of 10% from April 1, 1989 until the date of judgment in the amount of $9,060.33.
Judgment may therefore enter in favor of the plaintiff in the sum of $42,930.87.
FREED, J.