[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action arises out of a collision with a commercial vehicle that occurred on February 3, 1984, in which Aurora Reis, a client of the firm of Ebenstein Ebenstein, P.C., was allegedly injured. Subsequent to the accident, the plaintiff, Amica Mutual Insurance Company, paid its insured, Aurora Reis, the sum of $4,752.80 by way of basic reparations benefits for the medical costs that she had incurred as a result of her injuries.
The defendant has filed a motion for summary judgment on the ground that the plaintiff's right to recover basic reparations benefits paid to its insured is governed exclusively by Connecticut General Statutes 38a-369 (formerly General Statutes 38-325) and General Statutes 38a-379 (formerly General Statutes 33-335), which require that the action against the tortfeasor be brought within two (2) years of the date of the accident.
General Statutes 38a-369 (formerly General Statutes 38-325), which governs subrogation and reimbursement to insurers who have paid basic reparations benefits, provides in relevant part:
 (b) Whenever a person who receives basic reparations benefits for an injury recovers damages, either by judgment or settlement, from the owner, registrant, operator, or occupant of a private passenger motor vehicle with respect to which security has been provided under [statutory references omitted], the insurer is entitled to CT Page 3842 reimbursement from the claimant . . .
 (c) Whenever a person who receives basic reparations benefits for an injury has a right of recovery against any person or organization not described in subsection (b), an insurer that has paid such benefits to or for the injured person shall be subrogated to all such rights of recovery to the extent of its payments.
Section 38a-369 distinguishes the rights and obligations of the insurer of a basic reparations benefits recipient injured by a private vehicle from one injured by a commercial vehicle. In Amica Mutual Ins. Co. v. Barton, 1 Conn. App. 569, at 572, the Appellate Court explained the effect of the statute as follows:
 Subsection (b) gives insurers a lien on the proceeds paid by those tortfeasors who come within the no-fault system to an insured who has received basic reparations benefits payments from the insurer. Subsection (c) grants insurers a right of subrogation against those tortfeasors who are not within the no-fault insurance system. Such tortfeasors include uninsured motorists; id.; and owners and operators of nonprivate passenger motor vehicles.
Since the tortfeasor who injured Aurora Reis was not the operator of a private passenger motor vehicle, no lien attached to the proceeds paid to her by the tortfeasor. Pursuant to Amica, supra, and General Statutes 38a-369, the plaintiff's only means of recovery was by way of a direct action against the tortfeasor because there was no obligation on the part of the defendant to reimburse the plaintiff.
Viewing the complaint most favorably to the plaintiff, as the court must do on a motion for summary judgment, the first count may be read as alleging a contractual claim and the second count as being based on a theory of estoppel. In the first count the plaintiff alleges that the defendant, in a letter dated May 23, 1988, promised to withhold from the settlement the amount that the insurer had paid to the defendant's client for her medical costs, but did not do so. In the second count the plaintiff alleges that although it believed in good faith that it had a good cause of action against its insured, it did not institute suit "in consideration of" and in reliance upon "said assurances."
The plaintiff argues that its forbearance from suit provided the consideration required for a contractual obligation CT Page 3843 to be created. Such, forbearance, however, is valid consideration for a contract only "if the claim on which the suit was threatened was valid and enforceable." Dick v. Dick,167 Conn. 210, 225.
Although the accident in question occurred on February 3, 1984, the defendant's letter was received on May 23, 1988, more than two years after the limitation period for such an action had expired. Accordingly, the plaintiff's forbearance from prosecuting its clearly unenforceable claim could not constitute valid consideration for the purpose of imposing a contractual duty upon the defendant. See Iseli Co. v. Connecticut Light 
Power Co., 211 Conn. 133, 136.
In the second count the plaintiff appears to allege that in reliance on the May 23, 1988, letter, it did not bring suit to recover the basic reparations benefits that it had paid to its insured.
The two essential elements for estoppel are that the party against whom such a claim is made "must do of say something which is intended or calculated to induce another to believe in the existence of certain facts and to act on that belief and that the other party, influenced thereby, must change his position or do some act to his injury which he otherwise would not have done." Bozzi v. Bozzi, 177 Conn. 232 at 242. Estoppel rests on the misleading conduct of one party to the prejudice of the other, and in the absence of prejudice, estoppel does not exist. Breen v. Aetna Casualty Surety Co., 153 Conn. 633, 643.
The acts or representations of a party after the expiration of the limitation period for bringing suit do not constitute a basis for either waiver or estoppel. Hanover Insurance Co. v. Fireman's Fund Insurance Co., 217 Conn. 340, 351. At the time that the representation allegedly relied upon by the plaintiff was made by the defendant in its letter, it had no cause of action against the defendant or its client upon which a claim of detrimental reliance could be made, and therefore no basis for an estoppel.
For the foregoing reasons, the defendant's motion for summary judgment is granted.
HAMMER, JUDGE CT Page 3844