The present action arises out of a contract between the plaintiff and Tennessee Textiles, Inc. ("Tennessee") in which the plaintiff purchased textiles from Tennessee and Tennessee agreed to repurchase the textiles at a later date at a slightly higher price. When Tennessee failed to perform its obligations the defendant, an individual owning part of the exclusive sales agent for Tennessee, wrote a letter confirming a telephone conversation, in which the defendant stated that in the event Tennessee failed to perform on its repurchase agreement and the plaintiff subsequently loses money on the transaction "I personally will pay the difference" to the plaintiff. The letter also states that the defendant believed that Tennessee would be able to perform properly, but that if a loss is incurred "my guarantee stands." The letter also states "I will expect in that event, that the disposition of the goods will be made in an orderly fashion and that Scheuer (the plaintiff) will consult with me before making any sales that would define the loss, but I am aware that you will want to clear up the matter, entirely, as soon as possible." The plaintiff claims that he relied upon the guarantee and forebore bringing suit against Tennessee and therefore consideration exists with respect to the guarantee. See, Iseli Co. v. Connecticut Light Power Co., 211 Conn. 133, 136 (1989).
The defendant makes various claims including claims that was performed. there is no consideration for the guarantee, and that there was never an offer and exceptance of the guarantee. The affidavit filed on behalf of the defendant states that at no time prior to the sale of the textiles was the defendant ever contacted, consulted or informed that the textiles were to be sold and at what price and to whom. The plaintiff, on the other hand, has filed an affidavit stating that on numerous occasions the plaintiff contacted the defendant in order to consult with him prior to the sale of the textiles. A question of fact therefore does exist with respect to the nature meaning and scope of the consultation features contained in the defendant's letter and, whether, if a duty were imposed, that duty
Accordingly, the Cross Motions for Summary Judgment are both denied. CT Page 5657