[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE
The original plaintiff, Douglas Symington, filed a complaint against the defendants, Timothy Symington and Maura Symington, alleging in three counts that the defendants fraudulently used his American Express credit card; that the defendant, Timothy Symington, breached his contract with the plaintiff regarding payment of the American Express charges; and unjust enrichment as against both defendants. Thereafter, the substitute plaintiff, Emmanuel M. Katten ("plaintiff"), as chapter 7 trustee for the bankruptcy estate of Douglas Symington, filed a second amended complaint alleging in two counts that both defendants fraudulently used Douglas Symington's American Express card and that Timothy Symington breached his contract with Douglas Symington by failing to make payments on charges to the account. By way of background, Timothy Symington is Douglas' brother and was married to Maura Symington at the time of these allegedly fraudulent transactions. It is alleged that Timothy and Maura CT Page 4842 Symington were divorced in or about May 1998. Moreover, Timothy Symington had access to Douglas' account because under an alleged agreement with Douglas, Timothy was to pay for business charges he incurred on the account in exchange for Douglas allowing Timothy to be an additional card holder under the account. An integral part of the agreement was that Douglas was allowing Timothy to be an additional card holder on the condition that Timothy would only use the card for his own business expenses.
At issue here is the defendants' allegation by way of special defense that count one of the second amended complaint sounding in fraud against both defendants is a "tort which is personal to the party making the allegation and thus is contrary to public policy." Timothy and Maura Symington each filed a separate special defense as to count one and as such there is a separate motion to strike the special defense as to each defendant. Thereafter, four motions to strike the special defense as to count one of the complaint were marked ready and on the January 4, 1999 court calendar. Motions to strike numbers 170 and 172 are, however, being marked off because the second amended complaint was filed subsequent to these motions. As such the defendants refiled their respective motions to strike, now numbers 179 and 180, subsequent to the filing of the second amended complaint. The court need, therefore, only address motion numbers 179 and 180, since they are directed at what was the operative complaint and cover the same issues verbatim as were addressed by motions 170 and 172.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors. Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
"[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995); Girard v. Weiss, 43 Conn. App. 397, 417,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged CT Page 4843 in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
The plaintiff moves to strike the special defenses on two grounds. First, there is a provision in the United States Bankruptcy Code which permits the trustee to sue the defendants for fraud. Second, assuming arguendo that there is a state law barring a fraud action by a trustee, it is preempted by the Supremacy Clause of the United States Constitution. The defendants oppose the plaintiff's motion to strike the special defense on the grounds that the common law does not permit the assignment of causes of action. According to the defendants, therefore, Douglas Symington should not be allowed to assign his cause of action in fraud to the trustee plaintiff. In its reply brief the plaintiff argues that the defendants' opposition is inapposite since the plaintiff is a trustee by operation of law and not by contractual assignment.
The defendants' argument that there has been an assignment of this cause of action is not persuasive. Count one sounding in fraud was not assigned to the chapter 7 trustee. Rather, the trustee was charged with the "legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1) (1998). Thus, the rule that causes of action for personal injuries cannot be assigned has no bearing on this case. See Iseli Co. v. Connecticut Light Power Co.,211 Conn. 133, 136, 558 A.2d 966 (1989) (holding that an interest in a personal injury cause of action is not assignable).
An analysis of the case law and facts particular to this case yields the same result. In fact, in Matter of Faita, 164 B.R. 6,8 (Bankr. D. Conn, 1994), cited and misapplied by the defendants, the court found that "[a]t the moment the debtors filed their petition, a bankruptcy estate was created, and all of the debtors' interests in property became property of the estate, including Faita's personal-injury chose in action." Moreover, the court found 11 U.S.C. § 541(a) applicable in as much as "[t]he commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." Id., 8 n. 4. Other jurisdictions deciding this very issue have also found that the CT Page 4844 bankruptcy estate consists of all debtor's legal and equitable interests at the time the petition is filed. See Sender v. Simon,84 F.3d 1299, 1304-05 (10th Cir. 1996) (finding that11 U.S.C. § 541(a)(1) includes causes of action belonging to the debtor at the commencement of the bankruptcy case); Drewes v. Schonteich,31 F.3d 674, 676 (8th Cir. 1994) (finding that the debtor's legal and equitable interests are calculated at the time the bankruptcy petition is filed).
An application of the facts shows that the parties do not dispute that the bankruptcy petition was filed after the filing of the original cause of action by Douglas Symington. Count one of the original complaint sounded in fraud as against both defendants. Since the fraud cause of action belonged to the debtor at the commencement of the bankruptcy case, the plaintiff trustee can allege a fraud count against the defendants pursuant to 11 U.S.C. § 541(a)(1). See Sender v. Simon, supra, 84 F.3d 1304-05 (citing other case law finding that the debtor estate "will include choses in action and claims by the debtor against others"). Furthermore, "[s]tate law provides the guidelines for determining whether a cause of action belongs to the debtor and therefore becomes property of the estate. . . ." (Citations omitted.) Id., 1305. Here, it seems clear that the bankruptcy debtor, Douglas Symington, had a viable fraud claim against the defendants. In fact the defendants only pleaded their respective special defenses, asserting that the trustee could not allege a fraud count against the defendants, after the trustee was substituted as the plaintiff in the action. As such, by the time the bankruptcy petition was filed a fraud claim already existed against the defendants and, therefore, became part of the estate. Accordingly, because the trustee is the representative of the estate, the plaintiff's motions to strike # 179 and # 180 are granted.
D'ANDREA, J.