**In the Matter of Frank J. FAITA, Nevina M. Faita, Debtors.**

**Bankruptcy No. 2–92–00587.**

United States Bankruptcy Court, D. Connecticut.

Feb. 15, 1994.

---

Andrew W. Bray, Torrington, CT, for trustee.

Joel M. Grafstein and Susan M. Williams, Grafstein & Associates, Farmington, CT, for debtors.

Jack V. Genovese, II, Genovese, Newman & D'Attelo, West Hartford, CT, for Firemen's Fund Ins. Co., creditor.

William C. Franklin and Eric A. Russman, Cramer & Anderson, Litchfield, CT, for Litchfield Bancorp, creditor.

*MEMORANDUM OF DECISION ON TRUSTEE'S MOTION FOR PARTIAL DISTRIBUTION OF FUNDS*

ROBERT L. KRECHEVSKY, Chief Judge.

I.

*ISSUES*

The present motion raises two issues—the first is whether a debtor's no-fault automo-

bile insurer who, prepetition, pays basic reparations benefits to the debtor is entitled to assert a statutory lien on the settlement proceeds received by the trustee, postpetition, in compromise of the debtor's personal injury claim. The second issue is the extent to which the settlement proceeds are subject to claims of unpaid medical-care providers to whom the debtor's attorney had, prepetition, delivered protection letters.

## II.

### BACKGROUND

Frank J. Faita (Faita), one of the debtors in this joint case, had been injured in an automobile accident prior to the debtors' filing of their chapter 13 petition. After the debtors converted the case to one under chapter 7, the court approved the chapter 7 trustee's motion to compromise the personal-injury claim for $18,000 (the "settlement proceeds"). After receipt of the settlement proceeds, the court approved payment of $6,691.73 to the trustee's attorney [1] who had handled the claim.

The trustee, on August 27, 1993, moved pursuant to Code § 725,[2] for authority to distribute the sum of $3,333.33 to Firemen's Fund Insurance Company ("Firemen's Fund"), Faita's no-fault insurance carrier, to satisfy an alleged statutory lien for basic reparations benefits [3] paid prepetition to Faita for his medical bills and lost wages. The trustee also sought to make payment of $3,109.51 to a group of five medical-care pro-

viders to whom Faita's attorney had furnished, prepetition, a letter commonly known as a "protection letter" in which the attorney "agreed to satisfy any unpaid balances for care and treatment related to the accident from the proceeds of any settlement that might be received." Trustee's Brief at 7.

The debtors support the trustee's motion only as to the claim for payment to Firemen's Fund. Firemen's Fund appeared in support of the trustee's motion. Litchfield Bancorp, an unsecured creditor, opposes the motion contending that neither Firemen's Fund nor the medical-care providers have valid claims to the settlement proceeds.

## III.

### DISCUSSION

#### A.

##### Firemen's Fund's Secured Status

At the moment the debtors filed their petition, a bankruptcy estate was created, and all of the debtors' interests in property became property of the estate, including Faita's personal-injury chose in action.[4] The trustee, the debtors, and Firemen's Fund assert that Firemen's Fund holds a valid statutory lien which became perfected postpetition under Conn.Gen.Stat. § 38a–369(b) on the settlement proceeds for the reimbursement of the statutory benefits paid less

---

**1.** The court previously approved the trustee's employment of the attorney who handled this claim prepetition.

**2.** Section 725 provides:

After the commencement of a case under this chapter, but before final distribution of property of the estate under section 726 of this title, the trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title.

11 U.S.C. § 725.

**3.** Conn.Gen.Stat. § 38a–365(a) provides that an automobile owner's

insurer is liable to pay, without regard to fault, basic reparations benefits ... of five thousand dollars per person per accident for economic

loss resulting from injury arising out of the ownership, maintenance or use of a private passenger motor vehicle....

Conn.Gen.Stat. § 38a–365(a) (repealed 1994).

**4.** See 11 U.S.C. § 541(a), which provides:

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... [A]ll legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a). See also H.R.Rep. No. 595, 95th Cong., 1st Sess. 367 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 6322 (Code § 541(a)(1) "include[s] choses in action and claims by the debtor against others....").

reasonable attorney's fees.[5] Litchfield Bancorp argues that § 38a–369(b) does not apply because the statute operates only when the insured comes into possession of the funds, and Faita's estate, not Faita, is in possession of the funds. That argument is meritless. A bankruptcy trustee stands in the debtor's shoes and is subject to all claims that may be asserted against the debtor. *See In re Rare Coin Galleries of America, Inc.*, 862 F.2d 896, 901 (1st Cir.1988).

A more serious question, not raised by the parties in their initial briefs, is the effect of the automatic stay provisions of Code § 362 on the postpetition perfection of Firemen's Fund's statutory lien. The debtors' petition triggered the automatic stay provision of § 362(a)(4) which provides that the filing of a bankruptcy petition "operates as a stay ... of ... any act to create, perfect, or enforce any lien against property of the estate...." 11 U.S.C. § 362(a)(4). This provision of the automatic stay applies to statutory liens, regardless of whether an "act" is required to create or perfect the lien. *In re Parr Meadows Racing Ass'n, Inc.*, 880 F.2d 1540, 1545 (2d Cir.1989) (A lien created and perfected without any action by the lienholder "would still violate the automatic stay" of § 362(a)(4)), *cert. denied sub nom., Suffolk County Treasurer v. Barr*, 493 U.S. 1058, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990). For Firemen's Fund's lien to prevail, it must come within an exception to the stay inasmuch as under Conn.Gen.Stat. § 38a–369(b), which states that the lien does not "attach until such time as the proceeds of such recovery are in the possession and control of such claimant," Firemen's Fund's lien was not perfected, if at all, until after the petition was filed.

Code § 362(b)(3) provides that the automatic stay does not operate on "any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title...." 11 U.S.C. § 362(b)(3). Section 546(b) states that the trustee's avoiding powers under Code §§ 544, 545, and 549 "are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection." 11 U.S.C. § 546(b). Accordingly, for the perfection of Firemen's Fund's statutory lien to be excepted from the automatic stay: (1) Firemen's Fund must have had a prepetition interest in Faita's recovery on his personal injuries, and (2) applicable law must permit perfection of that interest to be effective against all others. *See In re Parr Meadows*, 880 F.2d at 1546 ("[S]imply stated, if a creditor possesses a prepetition interest in property, and state law establishes a time period for perfection of a lien based upon that interest, the 'lien does not lose its preferred standing by reason of the fact that it [is] not perfected until after the commencement of bankruptcy' so long as it is perfected within the time period established by state law.") (quoting *Poly Indus., Inc. v. Mozley*, 362 F.2d 453, 457 (9th

5. Section 38a–369(b) provides:

> Whenever a person who receives basic reparations benefits for an injury recovers damages, either by judgment or settlement, from the owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided under sections 38a–19 and 38a–363 to 38a–388, inclusive, or from a person or organization legally responsible for his acts or omissions, the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid, minus an amount which represents the insurer's contribution toward attorney's fees for the collection of basic reparations benefits. Such amount shall be computed by multiplying the total amount of such reasonable attorney's fees and costs, by a fraction, the numerator of which shall be the amount of damages recovered by the claimant and the denominator shall be the amount of damages recovered by the claimant, less court costs. In no event shall such amount exceed one-third the amount of the basic reparations benefits to be reimbursed to the insurer. The insurer shall have a lien on the claimant's recovery for the amount to which he is entitled for such reimbursement; provided no such lien shall attach until such time as the proceeds of such recovery are in the possession and control of such claimant.

Conn.Gen.Stat. § 38a–369(b) (repealed effective Jan. 1, 1994). None of the parties dispute that the no-fault lien provided by § 38a–369(b) is a statutory lien. *See* 11 U.S.C. § 101(38) ("'statutory lien' means lien arising solely by force of

Cir.), *cert. denied,* 385 U.S. 958, 87 S.Ct. 393, 17 L.Ed.2d 304 (1966)).

The Second Circuit ruled in *In re Parr Meadows* that § 362(a)(4) does not invalidate a statutory tax lien arising postpetition in real property of the debtor if the taxing entity acquires an "interest" in the subject property on the prepetition "tax status date." This interest need not be in the form of a lien; it only need be an interest in the same property to which the creditor later claims secured status. *Id.* at 1546. A lien based upon that interest can then be "perfected" [6] postpetition when the precise amount of tax is determined and remains due. *Id.* at 1546–47; *see also In re Summit Ventures, Inc.,* 135 B.R. 483, 488–89 (Bankr.D.Vt.1991) (construing *Parr Meadows* and noting that the acquisition of an interest in property and the creation of a lien securing that interest need not occur simultaneously).

The *Parr Meadows* court found that the county acquired an interest in the debtor's taxable property on the "tax status date," when the taxable (and, hence, lienable) property was identified and valued. 880 F.2d at 1546–47. Applying the reasoning in *Parr Meadows* to the present matter, Firemen's Fund gained, for the purposes of §§ 362(b)(3) and 546(b), an interest in the debtor's recovery when it paid basic reparations benefits to the debtor. According to the proof of claim it filed, Firemen's Fund made the last benefit payment on March 15, 1991, well before the debtors filed their chapter 13 petition. Firemen's Fund therefore had a prepetition interest in the portion of the debtor's settlement proceeds for which it claims secured status.

As for the requirement that applicable law permits perfection to be effective against all other claimants, Connecticut follows the common-law rule that an interest in a personal-injury cause of action is not assignable. *See Iseli Co. v. Connecticut Light & Power Co.,* 211 Conn. 133, 136, 558 A.2d 966 (1989). Consequently, no entity would have been able to acquire rights in Faita's personal-injury action while it was being litigated, including as of the commencement of the bankruptcy case.

The no-fault lien statute expressly provides that the insurer's lien does not "attach" until the insured actually receives proceeds from the recovery. The question then arises whether, outside of the bankruptcy context, an entity acquiring rights to the proceeds of an unsatisfied judgment or settlement agreement, through a garnishment action or in any other way, would take its interest subject to the insurer's dormant lien. Research has not yielded any case law interpreting this aspect of the no-fault lien statute.

Firemen's Fund argues that state law would not permit an entity to acquire rights superior to its lien because "the settlement of the underlying action was not subject to garnishment or assignability, as a judgment would be, under Connecticut law." Firemen's Fund's Reply Brief at 5 (citing *Reade v. Indemnity Ins. Co.,* 121 Conn. 309, 313–14, 184 A. 646 (1936)). The only case that Firemen's Fund cites cannot, however, be read as support for this proposition. The trial court in *Reade v. Indemnity Ins. Co.* was reversed on an issue of service of process, but the supreme court affirmed the trial court's determination that a garnishable debt existed as a result of the settlement agreement executed between the parties. 121 Conn. at 315–16, 184 A. 646 ("[T]he trial court was justified in finding that the defendant was indebted to ... the judgment creditor....").

The statute expressly provides that the lien "attaches" only when the insured receives payment on his injuries. Any other person, such as the insured's personal injury attorney, for example, coming into possession of any recovery funds is not subject to the lien because it has not yet "attached." *See Shelby Mut. Ins. Co. v. Della Ghelfa,* 200 Conn. 630, 639–40, 513 A.2d 52 (1986). While noting that a previous version of the statute provided that the lien could be "enforced ... against anyone with notice thereof holding the recovery on the claimant's behalf," the court in *Shelby Mutual Insurance Co.* held that a later amendment to the statute intend-

statute on specified circumstances or conditions").

6. *See In re Microfab, Inc.,* 105 B.R. 152, 157 (Bankr.D.Mass.1989) ("[A]lthough the Bankruptcy Code does not define 'perfection,' ... [t]o perfect a lien or other security interest is to satisfy all conditions necessary to make the lien effective against third parties....").

ed to modify the statutory lien so that it did not attach until the insured came into possession of the recovery funds. *Id.* Moreover, the statute does not provide in any way that the lien is superior to previously executed attachments or assignments. For instance, the statute does not provide that the lien relates back to a previous date or is effective against intervening transfers of the property, as, for example, the Connecticut mechanics lien statute does.[7]

Because the no-fault lien statute does not provide that perfection of the lien "is effective against an entity that acquires rights in such property before the date of such perfection," the lien does not come within the exception of § 362(b)(3) to the automatic stay provision of § 362(a)(4). Firemen's Fund has not sustained the burden of proving its secured status, and the motion to distribute funds to Firemen's Fund should therefore be denied.

B.

*Medical Care Providers*

The trustee has provided no basis to distribute any amount of the settlement proceeds to the medical-care providers. Without citing any legal authority for his position, the trustee asserts that the medical-care providers "achieved a security interest in any settlement funds received" by the debtor as the result of their receipt of a protection letter from the debtor's personal-injury attorney. Trustee's Brief at 7. As noted in section III.A., *supra*, an interest in a personal-injury cause of action is not assignable. The medical-care providers have no security interest in the settlement proceeds by assignment or otherwise.

The trustee also argues that he holds the settlement proceeds in a constructive trust for the medical-care providers. "[I]mposition of a constructive trust ... upon a bankruptcy debtor's property generally confers on the true owner of the property an equitable interest in the property ..., [and] the constructive trust beneficiary may reclaim in full his equitable interest in bankruptcy proceedings." *In re Quality Holstein Leasing,* 752 F.2d 1009, 1012 (5th Cir.1985); *see also In re Howard's Appliance Corp.,* 874 F.2d 88, 93 (2d Cir.1989) (citing *In re Quality Holstein Leasing* with approval). The trustee reasons that

> [m]edical payments, though ostensibly belonging to the debtor are actually not the property of the debtor but one held in trust for another. Any payment for medical expenses, therefore, is held in trust for the person to whom the medical expenses are owed. Thus, elements of a constructive trust may also apply in regards to these funds, as the funds could be seen as being held in trust for these providers until such time as settlement funds were received.

Trustee's Brief at 7–8 (citing 3 *Collier on Bankruptcy* ¶ 522.20, at 522–79 (Lawrence P. King, ed. 15th ed. 1993)). The trustee's citation to *Collier* concerns a debtor's right to exempt compensation for losses, such as payments for bodily injury, and notes that a debtor may not exempt from the estate any medical payments received because those payments are held, according to the legislative history behind Code § 541, in constructive trust for the benefit of medical-care providers. The legislative history states:

> Situations occasionally arise where property ostensibly belonging to the debtor will actually not be property of the debtor, but will be held in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance, and the insurance company had sent the payment of the bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in a constructive trust for the person to whom the bill was owed.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 368 (1977), U.S.Code Cong. & Admin.News 1978, p. 6324.

7. *See, e.g.,* Conn.Gen.Stat. § 49–33 (providing that a properly filed mechanics lien will relate back to the date that materials or services were first furnished and shall therefore "take precedence over any other encumbrance originating after the commencement of such services, or the furnishing of such materials").

The settlement proceeds cannot be characterized as analogous to insurance company payments for medical bills. No portion of the settlement proceeds was earmarked for medical payments in a way that would be comparable to insurance-coverage payments, and the trustee cannot therefore rely on this statement in the legislative history for support that the settlement proceeds are held in constructive trust.

■■■■ Because a debtor's, and thus the estate's, interest in property is determined by state law, "[o]ne must look to state law ... to determine whether to impose a constructive trust...." *In re Howard's Appliance Corp.*, 874 F.2d at 93. In Connecticut, " '[a] constructive trust arises whenever another's property has been wrongfully appropriated and converted into a different form.' " *Spatola v. Spatola*, 4 Conn.App. 79, 81, 492 A.2d 518 (1985) (quoting *Van Auken v. Tyrrell*, 130 Conn. 289, 292, 33 A.2d 339 (1943)). "It also arises when a person 'who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.' " *Id.* (quoting *Brown v. Brown*, 190 Conn. 345, 349, 460 A.2d 1287 (1983)). *See also Marwin Prod. Sys., Ltd. v. Pratt & Whitney Co. (In re Pratt & Whitney Co.)*, 140 B.R. 327, 331 (Bankr.D.Conn.1992). The trustee makes no sustainable argument that he has an equitable duty to transfer the funds to the medical-care providers beyond a conclusory statement that failure to pay the medical-care providers their unpaid bills out of the settlement proceeds would unjustly enrich the unsecured creditors. The trustee has a duty to liquidate the assets of the estate and distribute the proceeds according to the priorities established in the Bankruptcy Code. No basis exists for adopting prepetition agreements giving creditors priorities not established by the Code.

## IV.

### CONCLUSION

For the above-mentioned reasons, the trustee's motion for partial distribution of the settlement proceeds is denied as to Fire-men's Fund and as to the five individual medical-care providers. It is

SO ORDERED.