**In re Rica NICOLESCU, Eniko Nicolescu, Debtors.**

No. 02–22639.

United States Bankruptcy Court, D. Connecticut.

June 3, 2004.

Neal Ossen, Esq., Hartford, CT, Chapter 7 Trustee.

*MEMORANDUM OF DECISION*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

Before the court is an "Application to Pay Secured Creditor" ("the application") filed by Neal Ossen, the Chapter 7 trustee ("the trustee"). The application asserts that Anthem Blue Cross & Blue Shield ("Anthem"), the alleged secured creditor, has a "Medicaid lien" in the amount of $2,563.09 on proceeds received by the trustee in settlement of a personal injury claim of Rica Nicolescu ("the debtor"). The trustee seeks an order to pay said amount to Anthem. For reasons that follow, the court denies the application.

II.

The debtor and Eniko Nicolescu on September 11, 2002, filed a joint Chapter 7 petition. Amended schedules filed on November 1, 2002, listed as an asset the debtor's personal injury claim arising out of an accident in August 2002, and a $700

exemption in such claim. The court, on October 30, 2003, entered an order approving a settlement of the claim in the amount of $10,500. The trustee's counsel for the claim, on June 3, 2003, received a letter from Anthem advising that the debtor received "benefits as a beneficiary of the *federal/state Medicaid* program;" that Anthem, as the provider of "BlueCare Family Plan Medicaid" coverage for the debtor, had expended $2,563.09 for the debtor's medical bills; and that Anthem held a "lien" in such amount on "any amounts payable by other payors."[1] The debtors' estate is insolvent. At the May 25, 2004 noticed hearing on the application, only the trustee appeared, and the court took the matter under advisement.

### III.

Conn. Gen.Stat. § 17b–93(a) provides that the state shall have a priority claim over all other unsecured claims on any property,[2] real or personal, of any beneficiary of state or state-administered aid programs. Section 17b–94(a), in relevant part, further provides that:

> In the case of causes of action of beneficiaries of aid ... the claim of the state shall be a lien against the proceeds therefrom in the amount of the assistance paid ... and shall have priority over all other claims except attorney's fees for said causes, expenses of suit,

costs of hospitalization connected with the cause of action by whomever paid over and above hospital insurance or other such benefits, and, for such period of hospitalization as was not paid for by the state, physicians' fees for services during any such period as are connected with the cause of action over and above medical insurance or other such benefits; and such claim shall consist of the total assistance repayment for which claim may be made under said programs.

Bankruptcy Code § 545, entitled "Statutory Liens,"[3] provides that a trustee "may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser ... whether or not such a purchaser exists." *See In re Faita,* 164 B.R. 6 (Bankr. D.Conn.1994) (Statutory lien provided to no-fault automobile insurer on proceeds of settlement of debtor's prepetition tort claim, where proceeds received post-petition, unperfected and unenforceable against Chapter 7 trustee).

### IV.

*CONCLUSION*

Bankruptcy Code § 545 is derived in large part from former § 67b and § 67c

---

1. Medicaid is a jointly funded state and federal assistance program designed to pay the medical expenses of individuals whose income and resources are insufficient. Because Congress intended Medicaid to be the "payor of last resort," the state agency that administers Medicaid must seek reimbursement from any third party responsible for the patient's medical expenses.... As part of its recoupment power, ... the agency administering Medicaid may place a lien on the Medicaid recipient's personal injury claims against a tortfeasor in order to recover the agency's medical expenditures.

*Sullivan v. County of Suffolk,* 174 F.3d 282, 285 (2d Cir.1999) (citations omitted).

2. Subject to certain restrictions not relevant here.

3. 11 U.S.C. § 101(53) defines "statutory lien" as a "lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute."

of the Bankruptcy Act of 1898, as amended, permitting a trustee to avoid the fixing of statutory liens. "Statutory liens that are disguised state created priorities upset the priority scheme of the federal bankruptcy law and will fall within the group that is subject to avoidance." 5 *Collier on Bankruptcy* ¶ 545.01[1] (15th ed. rev.2004).

 The Medicaid lien asserted by Anthem clearly falls within the definition of a statutory lien as it arose solely by force of Conn. Gen.Stat. § 17b–94(a). The Medicaid lien is facially avoidable by a trustee pursuant to § 545(2) unless the lien has been perfected and is enforceable against a bona fide purchaser.

An early ruling in this district, *In re Leach (State of Connecticut v. Leach)*, 15 B.R. 1005 (Bankr.D.Conn.1981) (Shiff, J.), concluded that Conn. Gen.Stat. § 17–83f (presently codified as § 17b–94) is silent regarding perfection and, accordingly, the lien provided by that statute is voidable under Bankruptcy Code § 545(2). Although the facts of *Leach* are not on all fours with the present proceeding,[4] the court agrees with the conclusion reached in *Leach*. Anthem's Medicaid lien, based on the record made in this proceeding, is not perfected or enforceable against a bona fide purchaser, and the trustee's application must be, and hereby is, denied.

This ruling does not address whether any of the medical bills paid may qualify as administrative expenses, and, in the absence of an adversary proceeding, does not avoid any lien. It is

SO ORDERED.

---

4. Although *In re Leach* concerned assistance provided under the Aid to Families with Dependent Children Program, the lien thereunder arose pursuant to the same state statutes (since renumbered) as the instant Medicare lien.